FILED
2016 May-11 AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. WALTON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:15-cv-01291-RDP** |
| | } | |
| **SECRETARY VETERANS ADMINISTRATION, et al.,** | } | |
| | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

## I. Introduction

This case is before the court on Defendants' Motion and Brief to Dismiss, or in the Alternative, Motion and Brief for Summary Judgment (Doc. # 12), filed November 6, 2015. The Motion is fully briefed. (Docs. # 12, 16, 15). The court ordered Plaintiff to show cause why this case should not be dismissed, and Plaintiff filed a timely response. (Docs. # 23, 24). For the reasons that follow, the court concludes Defendants' motion is due to be granted and this case is due to be dismissed.

## II. Procedural and Background Facts

Plaintiff is *pro se*. His Complaint and Amended Complaint[1] are difficult to follow. At best, he alleges causes of action for service-connected Veteran's benefits, medical negligence, employment discrimination, and violation of his civil and federal constitutional rights, in

[1] Plaintiff *sua sponte* amended his Complaint over two months after filing his Complaint, but prior to serving Defendants. (*See* Docs. # 1, 6). The Eleventh Circuit has held that as a general matter a *pro se* plaintiff should be given "at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

addition to a claim under Title VI of the Civil Rights Act of 1964.  (Docs. # 1, 6; *see also* Doc. # 12).  He seeks redress pursuant to "U.S. Laws, U.S. Civil Rights, and The Constitution Of The United States. 42 U.S.C. 1983 and U.S.C. 1343; Title VI Civil Rights Act 1964."  (Doc. # 6).

The scant facts in his Amended Complaint state that Plaintiff enlisted in the United States Air Force in 1972, and was discharged in 1974 for medical reasons.  (Doc. # 6).  He then made claims for Veteran's benefits with the United States Department of Veterans Affairs ("VA").  (*Id.*).  Plaintiff alleges that his military records show the onset of his disabilities, and that he raised the existence of racial disparity in educational and training opportunities, and in promotions.  (*Id.*).  He is an Alabama resident and avers that the Alabama Department of Veterans Affairs ("ADVA") in Montgomery, Alabama, delayed and denied his benefits, denied him proper medical treatment, and violated his civil rights.  (*Id.*).  Plaintiff relocated to Georgia.  (*Id.*).  There, the VA in Atlanta helped him obtain his military and medical records.  (*Id.*).  Although he does not state when he left Georgia, Plaintiff signs his court filings with an address in Birmingham, Alabama, which is his address of record.  (*E.g.*, *Id.*).  Plaintiff's primary claims appear to be for Veteran's benefits, medical negligence, and deprivation of civil rights.

In their Motion, Defendants argue that pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(5), this court lacks jurisdiction over this case, and Plaintiff has failed to comply with (or plead that he complied with) requisite conditions precedent and exhaust his administrative remedies.  (Docs. # 12, 15).  Specifically, Defendants contend that sovereign immunity and the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511, preclude judicial review of the Veteran's benefits claim by this court.  (Doc. # 12).  Further, Defendants assert that Plaintiff failed to file an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, for his medical negligence claim.  (*Id.*).  Defendants also claim that 42 U.S.C.

§ 1983 only applies to the States, the Supreme Court has refused to extend Section 1983 claims based upon the federal Constitution against the United States or its federal agencies. (*Id.*). And, Defendants argue Title VII and the Civil Service Reform Act provide the exclusive judicial remedy for discrimination in federal employment, but Plaintiff did not comply with those laws' administrative prerequisites. (*Id.*). Therefore, Defendants contend that this court lacks subject-matter jurisdiction over Plaintiff's claims and/or Plaintiff cannot pursue his claims given their administrative and procedural posture. (*Id.*). Defendants also object to venue and failure to personally perfect service on any individual defendants. (*Id.*).

Defendants also claim that there are no genuine issues of material fact in dispute. *See* Federal Rule of Civil Procedure 56. Defendants have attached as exhibits to their Motion the following documents: Plaintiff's Complaint (Doc. # 1); Plaintiff's Amended Complaint (Doc. # 6); and a declaration by William Robert Boulware, an attorney with the VA Office of District Counsel in Montgomery, Alabama. (Doc. # 12). In his declaration, Mr. Boulware states that, as the primary handler for claims filed in Alabama under the FTCA for the past three years, he has not received a tort claim filed by or on behalf of Plaintiff. (*Id.* at DEX-3). Further, Mr. Boulware states that he reviewed Defendants' electronic tracking system and found no record of a tort claim by Plaintiff. (*Id.*).

Plaintiff has filed an opposition brief. Therein, he asserts that the United States Court of Appeals for Veterans' Claims in Washington, D.C. has established that it is not a court of equity, and informed Plaintiff of the district courts' original jurisdiction pursuant to 28 U.S.C. § 1331 ("The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). (Doc. # 16).[2] Also, Plaintiff attached an

[2] Plaintiff's opposition brief was filed before Defendants' reply, but it received the more recent filing number on the court's docket. (Docs. # 15, 16).

October 7, 2015 Mandate issued by the United States Court of Appeals for Veterans Claims ("Veteran's Appeals Court") in *Michael D. Walton v. Robert A. McDonald*, case no. 14-2664, which stated: "The time for reconsideration, review, or appeal of the Court's decision has expired. That decision is final and not subject to further review." (*Id.*).

Certain of Plaintiff's claims do require the exhaustion of administrative remedies before they may be filed in this court. (*See* Docs. # 6, 12, 16). Thus, this court ordered Plaintiff to show good cause in writing on or before December 30, 2015, that he has satisfied the administrative prerequisites for his medical negligence and statutory employment discrimination claims. (Doc. # 23). The court also ordered Plaintiff to set forth the time at which his claims arose, the timing of his administrative exhaustion, and to explain why the court should not dismiss his claims for Veteran's benefits and violations of civil and federal constitutional rights. (*Id.*).

On December 28, 2015, Plaintiff filed a response to that Order. (Doc. # 24). In that response, he asserts that his claims commenced in 1974, and he appealed them to Veteran's Appeals Court on July 25, 2014. (*Id.*). Additionally, Plaintiff stated that the Veteran's Appeals Court "concluded that there were issues of the Law cited by the Plaintiff of U.S. Constitutional significance and pertinent in the just enforcement under U.S. Laws, and The Constitution Of The United States. [That] court further revealed that it was not a Court of relief in equity and without Jurisdiction," and reminded Plaintiff of the original jurisdiction of district courts to hear such claims.[3] (*Id.*). Finally, Plaintiff contends that when the Veteran's Appeals Court case was closed on October 7, 2015, he exhausted his administrative remedies. (*Id.*).

---

[3] The statements Plaintiff attributes to Veteran's Appeals Court are not in the Mandate attached to his brief, (Doc. # 16 at Item 1), or that case's Memorandum Decision, of which the court takes judicial notice. *See Walton v. McDonald*, No. 14-2664, slip op. (Vet. App. July 16, 2015); *see also U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n. 4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents"); *Gamble v. PinnOak*

**III. Legal Standards**

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977));[4] *Harris v. Bd. of Trustees Univ. of Ala.*, 846 F. Supp. 2d 1223, 1230 (N.D. Ala. 2012). A motion under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a defense of lack of subject-matter jurisdiction. A Rule 12(b)(1) motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Harris*, 846 F. Supp. 2d at 1232 (quoting *Ramming*, 281 F.3d at 161). The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff). *Id.* "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano,* 584 F.2d 668, 671-72 (5th Cir. 1978)).

A Rule 12(b)(1) motion permits a facial or factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes

---

*Res., LLC*, 511 F. Supp. 2d 1111, 1123 n.5 (N.D. Ala. 2007) ("the court may take judicial notice of court documents").

[4] The Eleventh Circuit recognizes all of the Fifth Circuit decisions rendered prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 15125, 1528-29 (11th Cir. 1990)) (other citations omitted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

Of course, the analysis of a factual attack does not simply end with a consideration of extrinsic evidence when a factual attack on subject matter jurisdiction also implicates an element of the cause of action. *See Garcia*, 104 F.3d at 1261. If an element of a cause of action is implicated,

> [T]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion . . . . [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)) (changes in original). Stated otherwise, when a Rule 12(b)(1) motion attacks the merits of a cause of action, a district court should review those attacks under the standards of a

Rule 12(b)(6) motion to dismiss for failure to state a claim, or a Rule 56 motion for summary judgment. Accordingly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. Analysis

For the reasons stated below, Defendants' Motion will be treated in part as a Rule 12(b)(6) challenge where the jurisdictional facts are intertwined with the merits and in part as a Rule 12(b)(1) facial challenge to jurisdiction.

### A. Federal District Courts Have No Jurisdiction Over Veteran's Benefits Claims

The majority of Plaintiff's Amended Complaint appears to allege claims for Veteran's benefits.[5] (*See* Doc. # 6). It is axiomatic that federal district courts such as this one can only hear cases over which it has jurisdiction. *See United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) ("Federal courts are courts of limited jurisdiction.") (citations omitted). "We should not overstep the limits on our jurisdiction and exercise power we do not have over disputes Congress has not given us authority to decide." *Id.* (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)).

[5] To be clear, the court addresses Plaintiff's federal constitutional claims that may exist independent of the benefits claims in Section VI(C) of this opinion.

In 1988 Congress enacted the VJRA "to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized systems comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims)], and the Federal Circuit." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1977); *see* 38 U.S.C. § 7252(a) ("The [Veteran's Appeals Court] shall have exclusive jurisdiction to review decisions of the [BVA].") The VJRA provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). It also specifically provides the means by which a plaintiff can challenge decisions made by the VA concerning benefits: an appeal of the Secretary's decision must first be taken to the BVA, then to the Veteran's Appeals Court, and then to the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. Accordingly, this court lacks jurisdiction over Plaintiff's benefits claim. *See* 38 U.S.C. § 511(a); *see also, e.g.*, *Slater v. United States*, 175 Fed. Appx. 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or dependents or survivors of benefits." (citations omitted)); *Karmatzis v. Hamilton*, 553 Fed. Appx. 617, 618-19 (7th Cir. 2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.") (collecting cases).

Moreover, to the extent Plaintiff attempts to couch his claims for benefits as a deprivation of constitutional rights, that maneuver cannot rescue him from dismissal. "A veteran may not circumvent these jurisdictional limitations [set forth in the VJRA] by cloaking a benefits claim in constitutional terms." *Karmatzis*, 553 Fed. Appx. at 619 (citing *Veterans for Common Sense v.*

*Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (collecting cases)); *accord Pate v. Dept. of Veterans Affairs*, 881 F. Supp. 553, 556 (M.D. Ala. 1995) (same). This is because the VJRA provides that "*all* questions of law and fact" relating to benefits must be determined within the contours of that statute. 38 U.S.C. § 511(a) (emphasis added). Therefore, this court has no jurisdiction over any constitutional claims Plaintiff alleges that relate to benefits decisions, including his claim that racial disparity played into the decisions affecting his benefits. *See Cheves v. Dept. of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246-47 (M.D. Fla. 2002); *see also Hicks v. Veterans Admin.*, 962 F.2d 1368-70 (8th Cir. 1992) (holding that plaintiff's claim of constitutional retaliation under the First Amendment, leading to a reduction in his benefits, may only be heard in accordance with the VJRA).

However, this analysis does not yet end the court's inquiry because "under § 511(a) certain constitutional claims are not precluded from review by the district court." *Pate*, 881 F. Supp. at 556 (citing *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992)). District courts retain jurisdiction over facial challenges to acts of Congress or an agency rule under the scope of 5 U.S.C. § 552 (including VA regulations that violate other lawful acts of Congress). *See Traynor v. Turnage*, 485 U.S. 535, 544 (1988) (holding that "the question whether a [VA] regulation violates the Rehabilitation Act is not foreclosed from judicial review by" the VJRA); *Beamon*, 125 F.3d at 972-73. But, this case does not present such a challenge.

Here, the court construes Plaintiff's complaint to challenge what he contends is unequal treatment of veterans based on race. (Doc. # 6). But that claim for unequal treatment concerns, in substance, the handling of Plaintiff's benefits claims. The Middle District of Florida was faced with a similar situation in *Cheves.* 227 F. Supp. 2d 1237. There, the court determined the equal protection cause of action was not a facial challenge to an act of Congress or regulation of

the VA, but rather a disguised benefits claim.[6] *Cheves*, 227 F. Supp. 2d at 1246. As the *Cheves* court stated, "[t]his Court simply lacks jurisdiction to review the VA's handling and processing of [Plaintiff's] benefits claims. Whether the VA's procedures caused unlawful or unconstitutional delays in the administration of veterans benefits are questions within the exclusive jurisdiction of" the VA, as established by the VJRA. *Id.* Because this court lacks jurisdiction over Plaintiff's benefits claims, those claims are due to be dismissed.

**B. Plaintiff Has Not Exhausted the Necessary Administrative Remedies for His Medical Negligence and Any Employment Claims**

Plaintiff also advances claims for what appear to be medical negligence and employment discrimination by the VA. These claims are separate and distinct from his claims for benefits and are not governed by the VJRA. *See Shinseki*, 678 F.3d at 1023 (holding that district courts could consider FTCA claims alleging negligence against VA doctors because it would not have any effect on benefits); *see also generally Slater*, 175 Fed. Appx. 300 (recognizing the difference between claims relating to benefits and administrative tort claims). Nevertheless, both claims are barred because Plaintiff did not exhaust the administrative remedies required for this court to obtain jurisdiction over them.

**1. Plaintiff Did Not Comply with the FTCA**

Plaintiff asserts claims for medical negligence. The claims sound in tort. A medical negligence claim against the VA implicates the sovereign immunity of the federal government. *See Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This is because sovereign immunity is jurisdictional in nature. *Id.* Accordingly, in order for there to be a statutory waiver of immunity for torts committed by

[6] This court addresses below the other types of constitutional claims Plaintiff may be alleging, and finds that those claims also are due to be dismissed.

federal employees, Congress has required that a plaintiff first satisfy certain administrative prerequisites under the FTCA. 28 U.S.C. §§ 1346, 2671-2680; *see* 28 U.S.C. § 2675; *see also Meyer*, 510 U.S. at 475-76; 28 U.S.C. § 1346(b).

The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "This procedure is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). The written notice must be provided in writing to the appropriate federal agency within two years after the claim accrues or it is forever barred. *Cheves*, 227 F. Supp. 2d at 1241 (citing 28 U.S.C. § 2401(b); *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982)). A plaintiff cannot file the requisite administrative claim after filing a complaint in court. *McNeil v. United States*, 508 U.S. 106, 110-113 (1993). Thus, when a plaintiff has failed to exhaust his administrative remedies under the FTCA, a district court lacks subject matter jurisdiction over a federal tort suit. *See United States v. Kubrick*, 444 U.S. 111, 1117-18 (1979).

Here, Defendants attached to their dismissal motion the Boulware Declaration. (Doc. # 12 at DEX-3). The Declaration states that the VA has no records of any written notice of a tort claim filed by Plaintiff. (*Id.*). Plaintiff did not provide any substantive response to that statement in his opposition brief or in response to the court's Order To Show Cause. (*See* Docs. # 16, 24). His closest argument on this point appears to be his reference to the closure of his suit

in Veteran's Appeals Court. (*See* Doc. # 16 at Item 1). However, that case was an appeal of a denial of benefits. *See Walton v. McDonald*, No. 14-2664, slip op. (Vet. App. July 16, 2015). Therefore, the court concludes that because Plaintiff did not comply with the FTCA, this court has no jurisdiction over his medical negligence claim against the VA.

**2. Plaintiff Has Not Complied with the Civil Rights Act Prerequisites**

In his Amended Complaint, Plaintiff appears to advance allegations of racial disparity in training opportunities and promotions. (*See* Doc. # 6 at ¶ 6). Although the court is doubtful that these claims are cognizable, it (quite liberally) construes these averments as allegations of employment discrimination. The Civil Rights Act of 1964, as amended by the Civil Service Reform Act, "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also* 42 U.S.C. § 2000e-16(c). Plaintiff has not pled or otherwise pointed to a receipt of notice of a final adverse employment action by the VA, or to an Equal Employment Opportunity Commission notice as required by Section 2000e-16(c). To be sure, Plaintiff attached to his responsive brief the Veteran's Appeals Court's mandate, stating: "The time for reconsideration, review, or appeal of the Court's decision has expired. That decision is final and is not subject to further review." (Doc. # 16 at Item 1). But, as is clear from Veteran's Appeals Court's Memorandum Decision, that case concerned Plaintiff's claim for veteran's benefits, not an employment discrimination claim. *See Walton*, No. 14-2664, slip op. (Vet. App. July 16, 2015). The record is clear: Plaintiff has not complied with the administrative perquisites of the Civil Rights Act concerning the filing of an employment discrimination claim. Accordingly, any such claims are due to be dismissed.

### C. Plaintiff's Has Not and Cannot Advance Section 1983 and *Bivens* Claims

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege deprivation of constitutional rights, and must show that the deprivation was committed by a person acting under color of state law.[7] *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not apply to any federal government entity or to federal officials acting under color of federal law. *Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) (citations omitted). Because the VA is a federal agency, and the Secretary of the VA is a "federal official[] acting under color of federal law," Plaintiff cannot bring this action under Section 1983. *Halim v. Donovan*, 951 F. Supp. 2d 201, 208 (D. D.C. 2013) (quoting *Settles v. United States Parole Commn.*, 429 F.3d 1098, 1104 (D.C. Cir. 2005)).

The next question is whether Plaintiff has attempted to advance a *Bivens* claim and whether he may do so here. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). To be held liable under *Bivens*, a federal official must have participated personally in the alleged wrongdoing, and liability cannot be premised upon a theory of vicarious liability or respondeat superior. *See Iqbal*, 556 U.S. at 675-77 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Plaintiff's Complaint and Amended Complaint do not even mention the Secretary of the VA outside of the case caption, and thus neither pleading states any facts implicating the Secretary or suggesting that the Secretary was personally involved in any of

[7] Section 1983 does not provide a substantive right to relief; rather, it is a procedural device that allows a plaintiff to bring suit against a state actor in federal court for a violation of constitutional rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

the alleged misconduct. (*See* Docs. # 1, 6). Therefore, to the extent Plaintiff's citation to Section 1983 in his pleadings could be liberally construed to assert a *Bivens* claim against the Secretary, "such claim would in any event require dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Halim*, 951 F. Supp. 2d at 208.

Plaintiff also names ADVA—an Alabama state agency—as a Defendant. (Doc. # 6); *see* Ala. Code § 31-5-2. Thus, a Section 1983 claim arguably may lie against ADVA (as a state actor) for constitutional violations. *See West*, 487 U.S. at 48. However, it is unclear what precise cause of action Plaintiff seeks to assert against ADVA. (*See* Doc. # 6). To be sure, Plaintiff states that ADVA misrepresented him, and denied him "proper medical examinations, medical treatment and proper care, by qualified and professionally certified medical examiner." (*Id.* at 2-3). And, obviously one of ADVA's statutory duties is to assist veterans in presenting and pursuing claims against the United States for veteran's benefits arising under laws of the United States or of Alabama if that veteran has given ADVA a power of attorney. Ala. Code § 31-5-4; *see also* Ala. Admin. Code r. 920-X-3-.01. But, an allegation that ADVA made an improper misrepresentation amounts to a negligence or legal malpractice claim, just as an allegation of improper medical care would amount to a medical malpractice claim. And, "[a] malpractice [claim] will not lie under [Section] 1983" because it is a claim arising under state common law—not a constitutional violation. *Bass v. Sullivan*, 550 F.2d 229, 232 (5th Cir. 1977); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (recognizing that, even when a prisoner files suit under Section 1983 alleging medical malpractice against prison medical officials, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Accordingly, any malpractice claim alleged against ADVA, however it may be couched, may not be asserted under Section 1983.[8]

**D. Title VI of the Civil Rights Act is Inapplicable to the Secretary of Veterans Affairs and Does Not Apply to Claims for Veteran's Benefits**

Plaintiff appears to assert a claim pursuant to Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*) ("Title VI"). (*See* Doc. # 6 at ¶ 2). Section 601 of Title VI provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). The statutory definitions of "program or activity" and "program" do not include federal agencies. *See* 42 U.S.C. § 2000d-4a. And, Title VI does not apply to programs conducted directly by federal agencies such as the VA. *Halim*, 951 F. Supp. 2d at 207. Because Title VI does not apply to the VA, it also is inapplicable to the Secretary of the VA, and Plaintiff's claims in this regard are due to be dismissed.

To begin, it is unclear whether Plaintiff alleges a Title VI claim against ADVA. Nevertheless, the court will assume for the sake of argument that Plaintiff has advanced such a

[8] Further, as a common law claim, any alleged malpractice violations against ADVA arises under Alabama state law. *See, e.g.*, *Kinsey v. King*, 257 Fed. Appx. 136, 139 (11th Cir. 2007) (*per curiam*) (legal malpractice is a state law claim that does not present a federal question). Because Plaintiff and ADVA are both Alabama residents, this court lacks jurisdiction over that state law claim. *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship); *see also Kinsey*, 257 Fed. Appx. at 139. Any alleged malpractice by ADVA also does not "stem from the same common nucleus of operative fact" as any possible Section 1983 claim, or other federal causes of action. *Hough v. O'Neal*, 222 Fed. Appx. 913, 913-14 (11th Cir. 2007) (*per curiam*) (citing 28 U.S.C. § 1367). If Plaintiff has a valid state law malpractice claim against ADVA, this court will not and cannot hear it, and the appropriate forum is in an Alabama state court of appropriate jurisdiction. And, even if this court did have jurisdiction over a state law medical malpractice claim against ADVA, Defendants correctly assert that the venue of the case is improper. (*See* Doc. # 12). Plaintiff's allegations against ADVA concern ADVA in Montgomery, Alabama, which is in the Middle District of Alabama. (*See* Doc. # 6). Thus, that claim would be due for dismissal regardless. Accordingly, those state law claims are due to be dismissed.

claim. Title VI actually applies to ADVA (at least with respect to the issues raised in this case).[9] *Compare* 42 U.S.C. § 2000d *and* Ala. Code § 31-5A-3. Putting all of these threshold questions aside, the court concludes Plaintiff cannot pursue a Title VI claim again ADVA.

A plaintiff may only bring claims for intentional discrimination under Title VI. *Sandoval*, 532 U.S. at 293. And, Title VI "requires that a person prove that he was denied participation, based on his race, in a federally funded program for which he was otherwise qualified." *Humphrey v. United Parcel Serv.*, 200 Fed. Appx. 950, 952 (11th Cir. 2006) (citing 42 U.S.C. § 2000d). It logically follows that if Plaintiff could prove (1) he were otherwise qualified to receive federal benefits through ADVA but (2) was denied participation in ADVA programs, then that claim would sound in a benefits decision.[10] As explained fully above, the VJRA governs decisions concerning benefits, and this court has no jurisdiction over them.

And, notwithstanding the foregoing, courts in the Eleventh Circuit hold that to establish a *prima facie* case under Title VI, a plaintiff must show (1) a defendant receives federal funds, (2) the plaintiff was discriminated against, and (3) the plaintiff's race, color, or national original was the motive behind that discriminatory conduct. *See, e.g.*, *Cameilia Therapeutic Foster Agency, LLC v. The Ala. Dept. of Human Res.*, No. 06-cv-735, 2007 WL 3287342, at *3 (M.D. Ala. Nov. 5, 2007); *Ellis v. Morehouse Sch. Of Medicine*, 925 F. Supp. 1529, 1549 (N.D. Ga. 1996). Plaintiff alleges in a merely conclusory statement that he seeks redress under Title VI. (Doc. # 6 at ¶ 2). Similarly, he only provides conclusory statements of racial disparity concerning the

[9] The court could not locate documentation or case law on point, and Plaintiff has not alleged that ADVA receives federal assistance. And, Section 31-5A-3 of the Alabama Code (which concerns State Veterans homes) references 38 U.S.C. §§ 641 and 642. Those sections no longer exist. Although the court considers *arguendo* that ADVA receives federal assistance, it has its doubts.

[10] If, however, Plaintiff alleges denial of state benefits through ADVA, this court doubts its jurisdiction over those claims, and Plaintiff has not pleaded any allegations or made any arguments to show federal jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("all doubts about jurisdiction should be resolved in favor of remand to state court") (citations omitted).

provision of benefits to him, or claims of speaking out about racial disparity that are recorded in his military records from the 1970s. (*See* Doc. # 6). This court disregards "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 557. Therefore, even if a Title VI claim against ADVA could stand, Plaintiff has not pled one, and it is due to be dismissed.

**E. Venue is Not Proper in This Court**

Defendants also assert, pursuant to Federal Rule of Civil Procedure 12(b)(3), that venue is improper. (Doc. # 12). When a defendant asserts a defense of improper venue the plaintiff must make a *prima facie* showing of venue. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). "In considering a motion under Rule 12(b)(3), a court must accept the facts in a plaintiff's complaint as true." *Malik v. Hood*, No. 11-cv-81090, 2012 WL 1906306, at *1 (S.D. Fla. May 25, 2012) (citations omitted). Taking Plaintiff's factual allegations as true, the causes of action he pleads against ADVA concern ADVA in Montgomery, Alabama, which is located in the Middle District of Alabama. This court encompasses the Northern District of Alabama. Therefore, if Plaintiff has a Title VI claim against ADVA, that claim is due to be dismissed because it has been filed in the wrong venue.

**F. Plaintiff Has Not Served or Alleged Claims against any Fictitious Defendants**

Plaintiff names fictitious parties in the caption of his Amended Complaint ("Agents, Assigns," etc.). (Doc. # 6). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A limited exception to this rule is when a plaintiff's description is so specific it is, "at the very worst, surplusage." *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992); *see also Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 964-65 (11th Cir. 2001) (describing Alabama's fictitious party practice rule). Here, the Amended Complaint does not allege any facts against fictitious

Defendants (or any other individual defendants), and provides no description of them. Accordingly, any claims against those fictitious defendants are due to be dismissed.

## V. Conclusion

For these reasons, Defendants' Motion (Doc. # 12) is due to be granted and this case is due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this May 11, 2016.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE